(No. 81-CV-0124-)

*In re* APPLICATION OF JOHN HORVAT.

*Order filed October 7, 1981.*

JOHN HORVAT, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on April 18, 1980. John Horvat, father of the minor victim, Stanley Horvat, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on April 18, 1980, the victim was accidentally shot by Mr. James Adams, whom the victim knew. The incident occurred while the victim and his friend were being shown several guns by Mr. Adams in his residence at 1004 Belleview, Rockdale, Illinois. Initially, the victim and Mr. Adams informed police that the victim was shot when the gun fell from the kitchen table and fired. However, during the police investigation, the vic-

tim's friend stated that the victim was shot while Mr. Adams was demonstrating how to load and unload the guns. As he was unloading one of the guns, it fired and the bullet struck the victim in the stomach. The victim confirmed this account of the incident to the police. The victim was taken to St. Joseph's Hospital for treatment of his injuries. Mr. Adams was prosecuted and convicted on the charge of reckless conduct.

2. That the person who shot the victim was convicted of one of the violent crimes set forth under section 2(c) of the Act, to wit: reckless conduct (Ill. Rev. Stat. 1977, ch. 38, par. 12—5). However, the victim sustained his injury as a result of an accidental shooting. It is not the intent of the Crime Victims Compensation Act to compensate injuries suffered as a result of an accidental shooting.

3. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered, that this claim be, and is hereby denied.